UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ATREYU KENNEDY,

                Plaintiff,

     -against-

CITY OF NEW YORK, COMMISSIONER JOSEPH PONTE, MAYOR BILL DE BLASIO, WARDEN JOHN DOE, DEPUTY WARDENS JOHN DOES 1-10, and C.O. JOHN DOES 1-10,

                Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 17-cv-5042 (FB) (VMS)

*Appearances:*

For Plaintiff:
RICHARD J. CARDINALE
The Law Firm of Richard J. Cardinale
26 Court Street, Suite 1815
Brooklyn, NY 11242

IZABEL OLSZOWA GARCIA
Law Office of Izabel O. Garcia
26 Court Street, Suite 1815
Brooklyn, NY 11242

*For Defendant/Third-Party Plaintiff:*
JOSEPH AARON GUTMANN
DANIEL H. OLINER
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

      Plaintiff Atreyu Kennedy, a former inmate at Rikers Island Correctional Facility ("Rikers"), sued the City of New York, Mayor Bill de Blasio, former Department of Corrections and Community Services Commissioner Joseph Ponte, and Rikers officials under 42 U.S.C. § 1983 based on injuries he received when he was allegedly

assaulted by two other inmates. The City seeks a change of venue under 28 U.S.C. §§ 1391 and 1404. The motion is denied.

# I

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For the purpose of venue, "an entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Section 1391(c) thus "equates jurisdiction with venue . . . for corporate defendants." *PDK Labs, Inc. v. Proactive Labs, Inc.*, 325 F. Supp. 2d 176, 182 (E.D.N.Y. 2004) (quoting *Laumann Mfg. Corp. v. Castings USA*, 913 F. Supp. 712, 719 (E.D.N.Y.1996)). If a state has multiple judicial districts and has personal jurisdiction over a corporation at the beginning of the suit, the corporation is deemed to reside in any district that would have sufficient contacts for personal jurisdiction if the district were a separate state. *Id.* § 1391(d).

Here, venue is proper under § 1391(b)(1): All Defendants are residents of the State of New York, and the City is "subject to personal jurisdiction in the Eastern District and is thus deemed a 'resident' of the Eastern District." *Springle v. City of New York*, 2013 WL 592656, at *8 (S.D.N.Y. Feb. 14, 2013).

The City argues that venue is improper because the actions underlying the Complaint took place at Rikers in Bronx County and "presumably most of the officers involved in this incident work in Bronx County." The location of the underlying actions would be pertinent under § 1391(b)(2), but the Court need not consider that provision because jurisdiction is proper under § 1391(b)(1). That most of the officers involved work in Bronx County is also irrelevant because venue is proper in "a judicial district in which *any* defendant resides." 28 U.S.C. § 1391(b)(1) (emphasis added). The City is deemed to reside in the Eastern District, so venue is proper here.

The City also moves to transfer venue for the convenience of the parties. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." "'The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court.'" *Forjone v. Cal.*, 425 F. App'x 73, 74 (2d Cir. 2011), (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989)). The relevant factors are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).

The balance of these factors weighs against transfer. The plaintiff's choice of forum, which is to be afforded "great weight," *id.* at 107, was the Eastern District. Given that the Eastern District and the Southern District are equally convenient from Rikers Island and both are within the state, the second, third, fourth, and sixth factors are neutral. Even assuming that the fifth factor favors transfer, the seventh factor weighs strongly against it because Kennedy is an individual opposing a large municipality with significant means. Thus, two factors strongly weigh against transfer, one favors it, and four are neutral. The Court therefore declines to transfer.

## III

The City's motion for change of venue is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 4, 2018